UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

TONY GENE FORRESTER,

      Plaintiff,

v.                                         ACTION NO. 4:23cv19

BARBARA LACINA, *et al.*,

      Defendants.

## DISMISSAL ORDER

Plaintiff Tony Gene Forrester ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint and several proposed submissions. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1; Proposed Submissions, ECF Nos. 1-2 through 1-12. Upon review of the financial information set forth in the IFP Application, the Court was satisfied that Plaintiff qualified for *in forma pauperis* status. Order Show Cause at 1, ECF No. 7. As a result, the Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint and submissions. *Id.* However, the Court determined that Plaintiff's Complaint suffered from defects that required attention before this action could proceed. *Id.* at 1–4.

In the "Statement of Claim" section of his Complaint, Plaintiff summarized the basis for his lawsuit as follows:

> Theses children are not mine. a lot of false documents. and forgery. three children are involved in this situation. im being charged child support for these kids. cause me to be homeless.

Compl. at 4, ECF No. 8 (errors in original). Plaintiff appeared to assert a claim against Defendants pursuant to 22 U.S.C. § 7102(1) and sought $3 million in damages. *Id.* at 3–4.

Upon review, the Court determined that Plaintiff's Complaint did not adequately establish that the Court could exercise subject matter jurisdiction over this action. Order Show Cause at 2. In an Order to Show Cause entered on November 17, 2023, the Court explained:

> Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or *sua sponte* by [the] court."). As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).
>
> Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); and (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

*Id.*

The Court concluded that diversity jurisdiction could not serve as the basis for federal jurisdiction in this action because all parties were identified as citizens of Virginia. *Id.* (citing Compl. at 1–3). Additionally, the Court concluded that Plaintiff

2

did not establish that the Court could exercise federal question jurisdiction over this action. *Id.* at 3 (explaining that the only federal statute referenced in the Complaint, i.e., 22 U.S.C. § 7102(1), "simply provides the definition of the term 'abuse or threatened abuse of the legal process,'" for purposes of a law that "seeks to protect trafficking victims," and "cannot serve as the basis for federal question jurisdiction").

Even if Plaintiff could identify a valid basis for the Court to exercise jurisdiction over this action, the Court determined that Plaintiff's Complaint would nevertheless be subject to dismissal under 28 U.S.C. § 1915(e)(2). *Id.* The Court explained:

> When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss the operative complaint at any time if the Court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint should survive only when it sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Id.*

Upon review, the Court determined that the factual allegations of Plaintiff's Complaint, as summarized above, were insufficient to state any plausible claims for relief against Defendants. *Id.* at 3–4 (citing Compl. at 4; *Twombly*, 550 U.S. at 570).

In deference to Plaintiff's *pro se* status, the Court chose not to immediately dismiss this action. *Id.* at 4. Instead, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id.* In its November 17, 2023 Order to Show Cause, the Court stated:

> Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed by filing an Amended Complaint within thirty days of the date of entry of this Order to Show Cause. Plaintiff is ADVISED that

the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(i)    be clearly labeled as Plaintiff's Amended Complaint;

(ii)   clearly identify the named Defendants;

(iii)  clearly state, with specificity, each claim that Plaintiff intends to assert against each named Defendant;

(iv)  clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and

(v)   clearly set forth all factual allegations upon which each asserted claim is based.

*Id.* The Court warned Plaintiff that this action may be dismissed if Plaintiff failed to comply with the terms of the November 17, 2023 Order to Show Cause. *Id.* (citing Fed. R. Civ. P. 41(b)).

Plaintiff failed to timely file an Amended Complaint.[1] A week and a half after Plaintiff's filing deadline expired, Plaintiff filed an untimely Amended Complaint. Am. Compl., ECF No. 9. Despite its untimeliness, the Court has reviewed the contents of Plaintiff's Amended Complaint.

In his Amended Complaint, Plaintiff appears to allege that he should not be responsible for certain child support obligations. *Id.* at 1–9. Plaintiff's Amended Complaint asserts claims against Defendants pursuant to (i) 18 U.S.C. § 242; (ii) 18 U.S.C. § 241; (iii) 22 U.S.C. § 7102(1); and (iv) 10 U.S.C. § 2737. *Id.* at 3–6. As relief, Plaintiff continues to request $3 million in damages. *Id.* at 7.

---

[1] For this reason alone, the dismissal of this action is warranted under Rule 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b) (explaining that the Court may dismiss an action if a plaintiff fails to prosecute the action or fails to comply with an Order of the Court).

Upon review, the Court finds that Plaintiff's Amended Complaint, like his initial Complaint, fails to adequately establish that subject matter jurisdiction is proper in this Court. Plaintiff acknowledges that diversity jurisdiction does not apply to this action. *Id.* at 1–2 (identifying all parties as residents of Virginia), 9 (noting that diversity jurisdiction "is inapplicable in Plaintiff's case"). Therefore, Plaintiff must establish that this Court can properly exercise federal question jurisdiction over this action.

Although the four claims asserted in Plaintiff's Amended Complaint refer to federal statutes, the Court finds that none of the referenced statutes can properly serve as the basis for federal question jurisdiction in this action. For example, Counts 1 and 2 of Plaintiff's Amended Complaint assert claims under 18 U.S.C. §§ 241 and 242; however, neither statute provides for a private cause of action. *Id.* at 3–5; *see Walsh v. Logothetis*, No. 3:13cv401, 2014 U.S. Dist. LEXIS 7352, at *31-32 (E.D. Va. Jan. 21, 2014). Count 3 of the Amended Complaint asserts a claim under 22 U.S.C. § 7102(1); however, as the Court previously explained to Plaintiff, this statute cannot serve as the basis for federal question jurisdiction because it "simply provides the definition of the term 'abuse or threatened abuse of the legal process,' for purposes of Chapter 78 of Title 22 of the United States Code, which seeks to protect trafficking victims." Am. Compl. at 5–6; *see* Order Show Cause at 3 (citing 22 U.S.C. § 7102(1)). Finally, Count 4 of the Amended Complaint asserts a claim under 10 U.S.C. § 2737;

5

however, this statute relates only to military-related claims and is entirely inapplicable to the case at hand. Am. Compl. at 6; *see* 10 U.S.C. § 2737.[2]

Under these circumstances, the Court finds that Plaintiff has not established that subject matter jurisdiction is proper in this Court. Without an adequate jurisdictional basis, the Court finds that it is obligated to dismiss this action.[3] Accordingly, this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule 12(h)(3).[4]

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400

---

[2] Page two of Plaintiff's Amended Complaint contains a passing reference to 42 U.S.C. § 1983 and the Fifth Amendment to the United States Constitution. Am. Compl. at 2, ECF No. 9. It does not appear that Plaintiff intended to assert a separate § 1983 claim against Defendants, as this statute is not referenced in the "Claims for Relief" section of Plaintiff's Amended Complaint. *Id.* at 3–7. However, even if Plaintiff intended to assert such a claim against Defendants, the Court finds that jurisdiction would still be lacking. As courts have explained, "[t]he mere assertion of a federal claim is not sufficient" to establish federal question jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Rather, federal question jurisdiction "requires that a party assert a substantial federal claim." *Id.* Plaintiff has not done so.

[3] The Court notes that even if jurisdiction was proper in this Court, dismissal of this action would nevertheless be warranted under 28 U.S.C. § 1915(e)(2). As previously explained, the Court is obligated to screen complaints filed by litigants proceeding *in forma pauperis* and to dismiss actions that fail to state claims on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Here, the Court finds that Plaintiff's Amended Complaint, like his initial Complaint, fails to allege facts sufficient to state any claim for relief against Defendants that is plausible on its face. *See* Am. Compl. at 1–9, ECF No. 9; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] One of the named Defendants, Barbara Lacina, filed a Motion to Quash, in which she states that Plaintiff improperly attempted to serve her with process. Mot. Quash, ECF No. 3; Mem. Supp. Mot. Quash, ECF No. 4. Because the Court finds that dismissal of this action is warranted for the reasons set forth herein, Ms. Lacina's Motion to Quash, ECF No. 3, is **DISMISSED** as moot.

West Avenue, Newport News, Virginia 23607. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.

The Clerk is **DIRECTED** to please send a copy of this Dismissal Order to Plaintiff Tony Gene Forrester.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
January 9, 2024